UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16CV-00806-DJH

REBECCA HARGROVE, et al.                                                    PLAINTIFFS

VS.

JEFFERSON COUNTY BOARD
OF EDUCATION, et al.                                                       DEFENDANTS

<u>MEMORANDUM OPINION
AND ORDER</u>

The Defendants, Jefferson County Board of Education, et al., ("Defendants") have filed a motion asking this Court to hold this action in abeyance on the grounds of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L.Ed.2d 483 (1976). (DN 10). Plaintiff Rebecca Hargrove has responded in opposition (DN 14), and Defendants have replied (DN 15). For the following reasons, Defendant's motion will be **DENIED.**

<u>Background</u>

On September 12, 2016, Plaintiff Rebecca Hargrove, as Grandmother, Guardian, and Next Friend of R.S. ("Hargrove"), filed a complaint in Jefferson Circuit Court against Crosby Middle School Employees Michael Kelly (Principal), Jeffrey Marshall (Assistant Principal), and Diane Elder (Counselor). (DN 10-2). The complaint alleges that Defendants "ha[d] an affirmative duty to maintain a safe learning environment and protect R.S. from harm" but "in spite of requests to

1

protect R.S. from the tragedy of bullying occurring to R.S., the Defendants did nothing." (*Id.* at ¶¶ 6-7). Hargrove asserted one claim of "negligence and/or negligent supervision and/or negligence per se" and cited to KRS §§ 158.440, 158.148(1), 158.150, 161.180, and 525.070. (*Id.* at ¶ 16).

Almost two months later, Plaintiff Mark Cooke, as Father and Next Friend of M.C. ("Cooke"), filed a motion to intervene in the Jefferson Circuit Court action. (DN 10-3). Cooke additionally named Superintendent Donna Hargens and Assistant Principal Jennifer Neuman as intervening Defendants. The motion states that the subject matter and factual basis for Cooke's claim is the same as that of Hargrove's case, namely, "the failure of the Crosby administrators to protect the students in a safe, healthy and secure educational environment." (*Id.*).

Shortly after the motion to intervene was filed, Hargrove and Cooke's counsel filed the instant action in this Court under 42 U.S.C. § 1983. (DN 1). Six Plaintiffs are named in the Complaint, including Hargrove and Cooke. (*Id.*). The named Defendants are Kelly, Marshall, Elder, Hargens, Neuman, the Jefferson County Board of Education, Delores Hughes (Counselor), and Hope Johnson (Counselor). (*Id.*). Like in the state court action, Hargrove alleges that Defendants had "an affirmative duty to maintain a safe learning environment and protect R.S. from harm" but "did nothing" in spite of consistent or daily requests to protect R.S. from bullying. (*Id.* at ¶¶ 12-13). Hargrove further contends that R.S. endured and suffered "daily bullying" which resulted in medical and/or psychiatric care. (*Id.* at ¶¶ 15-16). Cooke makes similar allegations (*Id.* at ¶¶ 23-24, 30-31), as do the other four plaintiffs.

On January 10, 2017, Defendants filed a motion for summary judgment based on qualified immunity in the state court action. Plaintiffs, in response, requested the Jefferson Circuit Court stay consideration of the summary judgment motion because the court had not yet ruled on

2

Plaintiff Cooke's motion to intervene. Defendants indicate that as of March 13, 2017, no rulings have been entered on the pending state court motions.

Presently, Defendants have filed a motion to hold the federal action in abeyance in light of the "duplicative, parallel proceeding in Jefferson Circuit Court." (DN 10-1, at p. 1). Defendants argue this Court should hold the federal case in abeyance based on the *Colorado River* abstention doctrine. (*Id.* at p. 4). Defendants emphasize that the parallel state action creates a significant danger of piecemeal litigation and inconsistent results. (*Id.* at p. 5).

In opposition, Hargrove urges the Court to deny Defendants' requested stay because the state action and federal action are not parallel in that the federal action includes § 1983 claims. (DN 14, at pp. 4-5). Even if the actions were parallel, Hargrove argues that balancing the *Colorado River* factors weighs against holding the federal action in abeyance. (*Id.* at p. 5).

Analysis

Federal courts have a "virtual unflagging obligation" to exercise the jurisdiction conferred upon them by Congress. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 825 (1976). In certain circumstances, however, a federal court will abstain from hearing a case that is properly before it. One such circumstance is known as the *Colorado River* abstention doctrine, which applies when a federal case involves substantially the same parties and issues as a parallel case in state court. *Colo. River*, 424 U.S. at 817-21. But as the Supreme Court emphasized in *Colorado River* itself, abstention is "the exception, not the rule." *Id.* at 813.

There is a two-step process for determining whether abstention is warranted under *Colorado River*. *Romine v. Compuserve Corp.* 160 F.3d 337 (6th Cir. 1998). First, the Court must

3

determine whether the federal and state proceedings are "parallel." *Id.* at 339; *see also Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28 (6th Cir. 1984). It is not required that the proceedings be exactly parallel or identical; "[i]t is enough if the two proceedings are substantially similar." *Id.* at 340; *Crawley*, 744 F.2d at 31. Two proceedings are substantially similar "where (1) the parties are substantially similar and (2) [Plaintiff's] claims against [Defendants] are predicated on the same allegations as to the same material facts. . ." *Taylor v. Campanelli*, 29 F. Supp. 3d 972, 977 (E.D. Mich. 2014) (quoting *Romine*, 160 F.3d at 340). The parties in both proceedings need not be identical. Instead, "[p]arties with 'nearly identical' interests are considered 'substantially the same' for *Colorado River* purposes." *Id.* (quoting *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)).

Here, Defendants argue the cases are parallel because there is overlap in the parties, both cases involve identical allegations with respect to Hargrove and R.S., and both cases focus on the purported bullying of students at Crosby Middle School. (DN 10-1, at p. 4). Plaintiff counters that the two actions are not parallel because there is no possibility that complete relief can be obtained in state court. (DN 14, at p. 4). Specifically, Plaintiff explains that in state court Defendants have moved for summary judgment based on a qualified immunity defense under state law, which cannot dispose of a § 1983 claim. (*Id.*).

The Court finds that the state and federal cases are parallel for purposes of the *Colorado River* doctrine analysis. The parties in the two cases, while not identical, are substantially similar. Both cases involve Hargrove as a plaintiff and involve five of the same individual defendants. Although Cooke currently seeks to intervene in the state court action and four additional plaintiffs

exist in the federal action, all six plaintiff representatives have nearly identical interests. Further, Hargrove does not dispute the parallelism of the parties.

Likewise, the § 1983 claims in Hargrove's federal case are substantially similar to those claims asserted in her state case because they arise out of the same facts and vindicate the same general rights. To be sure, § 1983 actions were adopted in part to allow alternative relief to plaintiffs who may also be able to seek relief through state law. *Monroe v. Pape*, 365 U.S. 167, 183, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961). These state and federal cases share a common threshold allegation: the administrators and employees of Crosby Middle School failed to protect students from bullying. Proof of this allegation is required in some way to sustain every count in each lawsuit. *See Doe v. Ann Arbor Public Schools*, No. 11-15657, 2012 WL 1110015, at *3 (E.D. Mich. Apr. 3, 2012).

Additionally, the Court is not persuaded by Hargrove's argument that the claims are not substantially similar based on Defendants' assertion of governmental immunity as a state defense. The affirmative defenses available in a particular case do not decisively affect whether two actions can be considered substantially similar. *See id.* As such, the Court finds the federal action and state action are sufficiently parallel to continue with the *Colorado River* analysis.

Beyond the "parallel proceeding" hurdle lies a group of eight factors that courts use to determine whether a given case is one "of those exceptional few that a federal court should choose not to hear." *Peoples Bank v. Fossil Coal, LLC*, No. 16-34-ART, 2016 WL 3940942, at *2 (E.D. Ky. July 18, 2016). The factors are:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the

state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001) (quoting *Romine*, 160 F.3d at 340-41). These factors are not a mechanical checklist; however, they require "a careful balancing of the important factors as they apply in a given case." *Moses H. Cone Memorial Hospital v. Mercury Const. co.*, 460 U.S. 1, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983). "No one factor is necessarily determinative." *Colo. River*, 424 U.S. at 818.

Defendants highlight that the state court action was filed months before the federal action and has progressed beyond the federal case, that the state court action adequately protects Hargrove's rights, and that abstention would allow the parties to avoid piecemeal litigation. (DN 10-1, at p. 5). Hargrove argues that no less than five *Colorado River* factors counsel in favor of the federal court retaining jurisdiction, that is: there is no *res,* the federal forum is no less convenient, the state court action cannot dispose of the federal action, the source of § 1983 claims is federal law, and there is a question as to whether the state court action can protect the federal plaintiff's rights at this time. (DN 14, at p. 5).

Balancing the above factors, the Court declines to hold the case in abeyance. The first two factors appear neutral. For instance, neither the state nor federal action involves any *res* or property (factor one), and the federal and state courthouses are located only one mile apart in Louisville, Kentucky, meaning neither forum is more convenient (factor two). The absence of these factors is not, however, a "neutral item, of no weight in the scales." *Williams v. Oak Park City School Dist.*, No. 06-CV-12512, 2007 WL 1063346, at *2 (E.D. Mich. Apr. 6, 2007) (quoting *Evanston Ins. Co v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988)); *see also Woody's Restaurant, LLC v.*

*Travelers Cas. Ins. Co. of Am.*, 980 F. Supp. 2d 785, 787 (E.D. Ky. 2013). Rather, the first and second factors weigh slightly against abstention. *See Ann Arbor Public Schools*, 2012 WL 1110015, at *6 (stating that when inconsistent dispositions of property is not a risk, the first factor weighs against abstention); *see also PaineWebber, Inc.*, 276 F.3d at 207 (deeming the federal courthouse no less convenient than the state court located close by.).

The third factor – the danger of piecemeal litigation – weighs against abstention. Where two courts adjudicate the same issue, they duplicate judicial effort and risk rendering conflicting results. *See Romine*, 160 F.3d at 341. Yet "the mere potential for conflict" does not alone "warrant staying [the] exercise of federal jurisdiction." *Colo. River*, 424 U.S. at 816. District courts generally draw a distinction in litigation which is duplicative, as opposed to piecemeal. *See Williams*, 2007 WL 1063346, at *2. "[T]here is always some risk of duplicative litigation at the federal level . . . [in] a § 1983 action; this is expected in the nature of the action, and is not 'piecemeal.'" *Ann Arbor Public Schools*, 2012 WL 1110015, at *6 (citing *Williams*, 2007 WL 1063346, at *2). Because some duplication is unavoidable to preserve the access to federal relief assured in § 1983, the Court finds this factor weighs against abstention.

The fourth (and seventh factors), conversely, weigh in favor of abstention. Not only was the state case filed three months before the federal case (factor four), but it has also seen more activity than the federal case, in that Defendants have filed a dispositive motion based on a qualified immunity defense (factor seven). Because the Defendants indicate that as of March 13, 2017, the state court had not ruled on any pending motions in the case, the Court finds these two factors weigh only marginally toward abstention. *See Peoples Bank*, 2016 WL 3940942, at *2.

Factors five and six weigh against abstention. Regarding the fifth factor, generally, "[t]he prevalence of federal law issues in a case favors retaining jurisdiction." *Epps v. Lauderdale Cnty*, 139 F. Supp. 2d 859, 868 (W.D. Tenn. 2000) (citing *Moses H. Cone*, 460 U.S. at 26). Though Hargrove mentions Kentucky statutes in her federal Complaint, the source of law is primarily federal, because she seeks relief for her deprivation of civil rights pursuant to 42 U.S.C. § 1983, Title IV, and the First and Fourteenth Amendments of the Constitution. (DN 1, at pp. 16-17). As the presence of a "federal-law issue must always be a major consideration weighing against surrender [of jurisdiction]," the Court finds this factor disfavors abstention. *Moses H. Cone*, 460 U.S. at 26; *see also Ann Arbor Public Schools,* 2012 WL 2012 WL 1110015, at *7.

Similarly, the sixth factor requires courts to evaluate whether state court proceedings would be potentially inadequate in protecting the claimant's rights. *Epps*, 139 F. Supp. 2d at 868 (citing *Moses H. Cone*, 460 U.S. at 26). The foundation for § 1983 claims – "protecting an individual from state custom and practice that is contrary to federal law" – favors adjudication of such claims in a federal forum. *Id.* (citing *Mitchum v. Foster*, 407 U.S. 225, 240-42, 92 S. Ct. 2151, 32 L.Ed.2d 705 (1972)). Although § 1983 does not bar state courts from hearing such claims, the statute's import "weighs against abstention on grounds of judicial economy where Congress created a cause of action for the sole purpose of vindicating federal civil rights." *Id.* at 869. Because federal courts have extensive experience in adjudicating § 1983 claims, the Court finds this factor supports exercising jurisdiction.

Finally, the Court finds the fact that there is concurrent jurisdiction in this case (factor eight) has little bearing on abstention. "[C]oncurrent jurisdiction over the application of federal law does not necessarily weigh in favor of abstention." *Epps*, 139 F. Supp. At 869 (citing *Moses H.*

*Cone*, 460 U.S. at 25-26). While it is well-established that state courts have concurrent jurisdiction over § 1983 actions, the focus is not whether Hargrove could have brought the federal claim in state court, but on the present posture of the case. *Ann Arbor Public Schools*, 2012 WL 1110015, at *7 (citing *Crawley*, 744 F.2d at 31). Here, Hargrove's state court complaint alleges only state law claims and his federal complaint alleges only federal law claims. As a result, this factor has little bearing on the *Colorado River* analysis and is neutral at best. *Id.* (citing *PaineWebber*, 276 F.3d at 208) ("concurrent jurisdiction only marginally, if at all, favors abstention")).

After carefully considering those few factors supporting abeyance under *Colorado River* against those more numerous factors supporting the Court's obligation to exercise jurisdiction, the Court finds it would be inappropriate to hold the federal action in abeyance.

ORDER

**IT IS HEREBY ORDERED** that Defendants' Motion to Hold Federal Action in Abeyance (DN 10) is **DENIED.**


Copies:     Counsel