UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

REBECCA HARGROVE et al.,   Plaintiffs,

v.   Civil Action No. 3:16-cv-806-DJH-RSE

JEFFERSON COUNTY BOARD OF
EDUCATION et al.,   Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

Bethany Littlefield, Rebecca Hargrove, and Kim A. Seewer, as next friends of their minor children and grandchildren, have reached a settlement with the Jefferson County Board of Education (JCBE) and several of its employees, the defendants in this matter.[1] (*See* Docket No. 111) These parties now jointly move the Court to approve their settlement agreements (D.N 112; D.N. 115; D.N. 127), and the defendants separately move for leave to file the agreements under seal (D.N. 113; D.N. 116; D.N. 128). The Court will deny without prejudice the parties' joint motions for court approval of their settlement agreements because, as currently written, the agreements fail to explain how the settlement amounts will be allocated between the minor plaintiffs' families and their counsel. And it will likewise deny without prejudice the defendants' motions to seal.

---

[1] Federal Rule of Civil Procedure 17(c)(2) provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). According to the original complaint in this matter, Littlefield sued as "Mother, Custodian and Next Friend" of the minor B.N.J.; Hargrove sued as "Grandmother, Guardian and Next Friend" of the minor R.S.; and Seewer sued as "Mother and Next Friend" of the minor L.S. (D.N. 1, PageID # 1)

1

**I.**

Rebecca Hargrove, Mark Cooke, Melody Finn, Vickie Santana, Kim A. Seewer, Bethany Littlefield, and Shawn R. King brought this action on behalf of their minor children and grandchildren against JCBE and several of its employees.[2]  (*See* D.N. 1; D.N. 24; D.N. 39)  The plaintiffs alleged that the minors endured extensive bullying and were deprived of a safe learning environment while enrolled at Crosby Middle School in Louisville, Kentucky, and they sought damages for consequent medical expenses, pain and suffering, psychiatric and counseling expenses, and private-school tuition costs.  (D.N. 1, PageID # 5–15; D.N. 24, PageID # 224–28)  The defendants filed a motion for partial summary judgment arguing that the plaintiffs were not entitled to damages in the form of private-school tuition, which the Court granted.  (*See* D.N. 67; D.N. 84)  Following several years of litigation, the parties agreed to settle this matter, and the defendants reached separate settlement agreements with the individual plaintiffs.[3]  (*See* D.N. 111; D.N. 112; D.N. 115; D.N. 118; D.N. 121; D.N. 124; D.N. 127)

---

[2] The named defendants in the original complaint filed in this matter are as follows: "Jefferson County Board of Education d/b/a Jefferson County Public Schools," Donna Hargens, Michael Kelly, Jeffrey Marshall, Diane Elder, Jennifer Neuman, Delores Hughes, and Hope Johnson.  (*See* D.N. 1, PageID # 1–2)  Babak Rezaei and Greg Lauder were added as defendants via the intervenor complaint filed by Shawn R. King as parent and next friend of the minor A.K.  (*See* D.N. 24, PageID # 223–24)  King's intervenor complaint also named as a defendant "A.A., a minor under the age of eighteen (18) and/or the parents, legal guardians, or Next Friend of A.A."  (*Id.*, PageID # 223)  The record does not indicate that A.A. was served with the requisite process, however, nor did A.A. file an answer to King's complaint.  Accordingly, the Court will order the plaintiffs to show cause why A.A. should not be dismissed from this action.  *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 21.  A second intervenor complaint was filed in this matter, which named Joni Husband and "I[,] a Minor Child Under the Age of Eighteen (18)[,] and The Parents, Legal Guardians, or Next Friend of I" as additional defendants.  (D.N. 30, PageID # 274)  But the claims in that complaint were later dismissed without prejudice via an agreed order between the parties.  (*See* D.N. 43; D.N. 45)  And since no claims against Husband and I remain, both will be formally terminated as defendants in the record of this matter.  *See* Fed. R. Civ. P. 21.

[3] As of the date of this Order, it appears that the defendants have not reached a settlement with Shawn R. King and his child, the minor plaintiff A.K.

Currently before the Court are joint motions to approve the settlement agreements reached between the defendants and Plaintiff Littlefield, "individually and as mother and next friend of the minor B.J." (D.N. 112); Plaintiff Hargrove, "individually on her own behalf and as grandmother, guardian, and next friend of the minor R.S." (D.N. 115); and Plaintiff Seewer, "individually and as mother and next friend of the minor L.S." (D.N. 127). The defendants also move for leave to file these settlement agreements under seal. (D.N. 113; D.N. 116; D.N. 128)

## II.

As an initial matter, the parties here have been rather imprecise about who exactly the plaintiffs are in this case. Based on the caption of the complaint, Littlefield, Hargrove, and Seewer asserted claims solely as next friends of their minor children and grandchildren, *see* Fed. R. Civ. P. 17(c)(2). (D.N. 1, PageID # 1)  A next friend "appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff[] but . . . is not a party to the lawsuit." *Next Friend*, BLACK'S LAW DICTIONARY (11th ed. 2019); *see Helminski v. Ayerst Labs.*, 766 F.2d 208, 213 (6th Cir. 1985) ("[T]he minor is the real party in interest in a suit brought by a next friend."); *Branham v. Stewart*, 307 S.W.3d 94, 98 (Ky. 2010) ("Kentucky case law has long boldly proclaimed that the minor 'himself is the plaintiff' in cases filed by the minor's next friend."). The defendants seemed to acknowledge in their motion for partial summary judgment that Littlefield, Hargrove, and Seewer were suing in a representative capacity only and that the minor students were the only plaintiffs in this matter. (*See* D.N. 67, PageID # 429)  Yet in their complaint, Littlefield, Hargrove, and Seewer refer to themselves as plaintiffs. (*See* D.N. 1, PageID # 5, 12, 14; *see also id.*, PageID # 3 (noting that "Plaintiffs . . . must send the students under their control to a school assigned to them" by JCBE))  And according to the joint motions currently before the Court, "Plaintiff[s]" Littlefield,

Hargrove, and Seewer are settling claims with the defendants both "individually" and on behalf of the minor plaintiffs. (*See, e.g.*, D.N. 112, PageID # 1035)

This lack of clarity notwithstanding, the "touchstone" for determining who is a party to a lawsuit is "adequate notice," and the plaintiffs' complaint here provided the defendants with "adequate notice that the parents [and grandparents] were asserting their own rights in addition to those of their children [and grandchildren]." *Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396, 406 n.4 (6th Cir. 2019). Under Kentucky law, two causes of action arise when a minor is injured by a defendant's negligence: "an infant has one cause of action for his injuries[,] and his parent has a separate cause of action for loss of services and medical expenditures." *Bland v. Abbott Labs., Inc.*, No. 3:11-cv-430, 2012 WL 524473, at *3 (W.D. Ky. Feb. 16, 2012) (quoting *Blackburn v. Burchett*, 335 S.W.2d 342, 343 (Ky. 1960); *see Ky. Serv. Co. v. Miracle*, 56 S.W.2d 521, 522 (Ky. 1933). In their amended complaint, Littlefield, Hargrove, and Seewer asserted state-law negligence claims against the defendants, and the three sought "[c]ompensatory damages for medical expenses and/or the costs of psychotherapeutic treatment" flowing from the injuries their minor children and grandchildren allegedly suffered while enrolled at Crosby Middle School. (D.N. 39, PageID # 318–20) Littlefield, Hargrove, and Seewer were thus "asserting their own rights" under state negligence law, *see Kanuszewski*, 927 F.3d at 406 n.4, and are therefore both plaintiffs *and* next friends in this action. Furthermore, the Court's recognition of Littlefield, Hargrove, and Seewer as plaintiffs will ensure that the settlements here will resolve all claims against the defendants, whether asserted by Littlefield, Hargrove, and Seewer individually or by their minor-plaintiff children and grandchildren.

### III.

Littlefield, Hargrove, Seewer, and the defendants jointly ask the Court to approve their respective settlement agreements "[p]ursuant to KRS 387.280." (D.N. 112; D.N. 115; D.N. 127) That statute provides in relevant part:

> When a minor or other person under disability, having no guardian or conservator, is entitled to receive a sum not exceeding ten thousand dollars ($10,000), exclusive of interest, in any action in which real estate has been sold or in the settlement of any estate or from any other source, the person having custody of the minor or other person under disability may settle or compromise the dollar amount when in the interest of the minor or other person under disability.

Ky. Rev. Stat. § 387.280. In short, § 387.280 authorizes parents to receive settlement funds owed to their minor child so long as those funds do not exceed $10,000. *Miller ex rel. E.M. v. House of Boom Ky., LLC*, 575 S.W.3d 656, 661 n.7 (Ky. 2019); *see* Ky. Rev. Stat. § 387.280 (permitting the settlement amount in question "to be paid to the person having custody of the minor"). But such settlements must first be approved by a court upon a showing that (1) the minor to whom the settlement funds are owed "is in the custody of the person to whom it is proposed to pay the money" and (2) the custodian, "upon withdrawal of the money, shall be under obligation as trustee to expend it, for the support, maintenance, or education of the minor." *Id.*

Because the plaintiffs here are asserting federal-law claims in a federal forum (*see* D.N. 1, PageID # 16–17), the Court is not bound by Ky. Rev. Stat. § 387.280 or any other state law governing the procedures for court approval of settlements in civil suits. *See Yates v. Ortho-McNeil-Janssen Pharm., Inc.*, 808 F.3d 281, 289 (6th Cir. 2015) ("The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship."); *Kiel ex rel. Kiel v. Barton*, No. 09-cv-15053, 2011 WL 13206189, at *1 (E.D. Mich. Jan. 31, 2011) (declining to apply a Michigan procedural rule requiring court approval of settlements in cases brought on

behalf of a minor and adhering instead to Sixth Circuit case law). Nonetheless, since the parties' settlements here involve minors, the Court has a duty under Sixth Circuit authority to "ma[k]e an independent determination that the settlement[s]" are in the minors' "best interest." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997); *see id.* at 1302 ("Minors' interests are subject to the court's protection.").

One of the principal factors a district court must consider when "called upon" to approve a settlement as being "in the best interest of [a] minor" is the reasonableness of the attorney fees provided for in the settlement terms. *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988). Indeed, the court "must consider and then determine what constitutes fair and reasonable compensation to the attorney regardless of any agreement specifying an amount, whether contingent or otherwise." *Id.*; *see Kiel*, 2011 WL 13206189, at *2 (approving a settlement agreement involving a minor in part because the attorney fee amounted to less than thirty percent of the total settlement amount and was thus "reasonable").

Here, however, the parties' settlement agreements do not state how the settlement amounts to be paid by the defendants will be allocated between the minor plaintiffs' families and their counsel. For instance, the agreement between Littlefield and the defendants provides that the latter "shall deliver a check to [Littlefield's] counsel" equal to the agreed-upon settlement amount and that the check "shall be payable to" both Littlefield and her attorney. (D.N. 114, PageID # 1040) But it does not disclose what portion of that check, if any, will actually be retained by Littlefield and her child, the minor-plaintiff B.J., as compensation for B.J.'s alleged injuries. The agreement between Hargrove and the defendants and the one between Seewer and the defendants are similarly silent as to whether the minor plaintiffs R.S. and L.S. will receive any portion of the settlement

amounts that will be paid to their attorneys. (*See* D.N. 117, PageID # 1052; D.N. 129, PageID # 1097)

It is unlikely that a settlement agreement can be "in [a] minor's best interest," *see Green*, 111 F.3d at 1301, if that minor ultimately receives little or none of the settlement funds that are meant to resolve his or her legal claims. Accordingly, the Court will deny without prejudice the parties' joint motions for court approval of their settlement agreements because, as currently written, the agreements fail to explain how the settlement amounts will be allocated between the minor plaintiffs' families and their counsel.[4] *See Dean*, 860 F.2d at 673 (noting in the settlement context that "[i]ndependent investigation by the court as to the fairness and reasonableness of a fee to be charged against a minor's estate or interest is required").

## IV.

The defendants separately move for leave to file under seal the settlement agreements with Littlefield, Hargrove, Seewer, and their minor children and grandchildren. (D.N. 113; D.N. 116; D.N. 128) The defendants contend that the agreements are "entitled to protection from public disclosure" because the parties agreed to keep the terms of their settlement confidential and because the agreements "involve[] the claims of . . . minor[s]." (D.N. 113, PageID # 1037; D.N. 116, PageID # 1049; D.N. 128, PageID # 1094)

The Sixth Circuit recognizes "a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). And this presumption applies whenever parties to a suit "place material in the court record," *id.*,

---

[4] This shortcoming can likely be easily rectified by Littlefield, Hargrove, and Seewer filing documentation of their fee agreements with their counsel, or, if the parties prefer, via amended settlement agreements.

7

including settlement agreements that require court approval. *See Brown & Williamson*, 710 F.2d at 1181 ("The public has an interest in ascertaining what evidence and records the District Court . . . relied upon in reaching [its] decision[]."); *White v. FCA US, LLC*, No. 17-12320, 2019 WL 10379383, at *1 (E.D. Mich. Oct. 10, 2019) (applying the *Shane Group* standard for sealing court records to a settlement agreement between private litigants because the court was obligated to review the agreement for fairness under applicable state law). The "burden of overcoming" this presumption of public access is "borne by the party that seeks to seal" court records, and this burden is a "heavy one." *Shane Grp., Inc.*, 825 F.3d at 305. "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). And even when a party provides a compelling reason for sealing certain documents, that party must still demonstrate "on a document-by-document, line-by-line basis" that a seal is "narrowly tailored to serve that reason." *Id.* at 305, 308.

Here, the defendants have failed to satisfy this heavy burden at this stage. They first argue that sealing their settlement agreements with Littlefield, Hargrove, and Seewer is warranted because "[t]he parties agreed to keep [the agreements] . . . confidential." (*E.g.*, D.N. 113, PageID # 1037) But a "confidentiality agreement between the parties does not bind the [C]ourt in any way." *Brown & Williamson*, 710 F.2d at 1180. Nor is the parties' interest in keeping the terms of their settlement confidential sufficiently compelling on its own to overcome the public's "strong interest in obtaining the information contained in the court record." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1180); *see In re Black Diamond Mining Co.*, No. 15-96, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016) ("The existence of a confidentiality agreement is not, by itself, a reason to keep this record sealed, just as it was not in *Shane* [*Grp., Inc.*].").

The defendants are right to suggest that a need to protect the privacy and welfare of minors can justify sealing court records in certain circumstances. *See, e.g.*, *Davis v. Alcoa, Inc.*, No. 17-13658, 2019 WL 3346075, at *2 (E.D. Mich. June 10, 2019) ("The Court finds, nevertheless, that concern for the welfare of the minor and impaired adult beneficiaries [in the case] supplies a sufficiently compelling basis to warrant sealing of the terms of the settlement agreements in this instance."); *In re Flint Water Cases*, No. 16-cv-10444, 2020 WL 8671924, at *2 (E.D. Mich. Nov. 30, 2020) (granting a motion to seal certain exhibits to a settlement agreement because "[t]he interests in protecting . . . minor children's identities from disclosure is also compelling at this time"). Even so, the defendants fail to explain how this general interest in protecting the privacy of the minor plaintiffs in this case "outweigh[s] the public interest in access to court records"—a showing that is especially necessary "in a case of great importance to the public" like this one, given that it concerns the JCBE's response to serious allegations of bullying in its schools. *Shane Grp., Inc.*, 825 F.3d at 307. And the defendants similarly fail to explain why the entirety of their settlement agreements with Littlefield, Hargrove, and Seewer must be sealed in order to protect the interests of the minor plaintiffs, rather than just the portions of the agreements that directly implicate those interests.[5] *See id.* at 305–06 ("The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'").

---

[5] For instance, Federal Rule of Civil Procedure 5.2(a) provides that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor," the party making the filing "may include only . . . the minor's initial." Fed. R. Civ. P. 5.2(a)(3). "Settlement amounts" also "can be—and often are—sealed" in order to facilitate the settlement of litigation. *In re Black Diamond Mining Co.*, 2016 WL 4433356, at *1. Accordingly, the defendants could likely protect the interests of the minor plaintiffs here by redacting in the settlement agreements docents that are ultimately filed in the public record the minor plaintiffs' names and the settlement amounts they will receive.

9

At bottom, the defendants at this point have fallen far short of "meet[ing] the demanding requirements for a seal." *Id.* at 308.  The Court will therefore deny without prejudice their motions to seal their settlement agreements with Littlefield, Hargrove, and Seewer.  If the defendants still wish to seal those agreements from public view, they must explain "on a document-by-document, line-by-line basis," *id.*, via supplemental briefing whether such a seal is justified under the standards set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

## V.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The joint motions for court approval of the settlement agreements between the defendants and Plaintiffs Littlefield, Hargrove, Seewer, and their minor children and grandchildren (D.N. 112; D.N. 115; D.N. 127) are **DENIED** without prejudice.

(2)     The defendants' motions for leave to file under seal their settlement agreements with Plaintiffs Littlefield, Hargrove, Seewer, and their minor children and grandchildren (D.N. 113; D.N. 116; D.N. 128) are **DENIED** without prejudice.

(3)     The defendants shall have **twenty-one (21) days** from entry of this Order to file a supplemental brief addressing whether their settlement agreements with Plaintiffs Littlefield, Hargrove, Seewer, and their minor children and grandchildren can properly be filed under seal in accordance with the standards set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

(4) The plaintiffs shall have **twenty-one (21) days** from entry of this Order to **SHOW CAUSE** why Defendants "A.A., a minor under the age of eighteen (18) and/or the parents, legal guardians, or Next Friend of A.A" (*see* D.N. 24, PageID # 223) should not be dismissed from this action.

(5) The claims against Defendants Joni Husband and "I[,] a Minor Child Under the Age of Eighteen (18)[,] and The Parents, Legal Guardians, or Next Friend of I" (*see* D.N. 30, PageID # 274) having already been dismissed without prejudice (*see* D.N. 45), the Clerk of Court is **DIRECTED** to terminate Husband and I as defendants in the record of this matter.

January 20, 2022

David J. Hale, Judge
United States District Court