UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| REBECCA HARGROVE, as Grandmother, Guardian, and Next Friend of R.S., et al., ) ) ) Plaintiffs and Intervening Plaintiffs ) ) v. ) ) JEFFERSON COUNTY BOARD OF ) EDUCATION d/b/a JEFFERSON COUNTY ) PUBLIC SCHOOLS, *et al.*, ) ) Defendants and Intervening Defendants ) | CIVIL ACTION NO. 3:16-CV-806-DJH-RSE |

### JOINT RENEWED MOTION TO APPROVE
### SETTLEMENT AGREEMENTS AND TO MAINTAIN
### <u>UNREDACTED COPIES OF SETTLEMENT AGREEMENTS UNDER SEAL</u>

In accordance with the Court's Order dated January 20, 2022 (Doc. 130), Plaintiffs Bethany Littlefield, individually and as mother and next friend of the minor B.J. ("Littlefield"), Rebecca Hargrove, individually on her own behalf and as grandmother, guardian, and next friend of the minor R.S. ("Hargrove"), Kim A. Seewer, individually and as mother and next friend of the minor L.S. ("Seewer"), and Shawn King, individually and as parent and next friend of the minor A.K. ("King")[1] (together, "Plaintiffs") and Defendants Jefferson County Board of Education d/b/a Jefferson County Public Schools ("JCBE"), Dr. Donna Hargens, Michael Kelly, Jeffrey Marshall, Diane Elder, Jennifer Neuman, Delores Hughes, Hope Johnson, Babak Rezai, and Greg Launder (together, "JCBE Defendants") (collectively, the "Parties"), by their respective

---

[1] King's claims were settled with the other Plaintiffs named in this brief. However, King has been unavailable until recently to sign the necessary settlement paperwork. Documents relating to settlement of the King matter are being filed along with this brief. *Upon the approval of the settlements discussed herein and dismissal of the related claims, this matter will be fully resolved as to all parties.*

counsel, renew their motions for Court approval of the settlement and release agreements for Littlefield, Hargrove, and Seewer and their minor children and grandchildren (Doc. 112, 115, 127) and to maintain the unredacted copies of those agreements under seal (Doc. 114, 117, 129). The Parties further move for Court approval of the settlement and release agreement with King and his minor child and to maintain the unredacted copy of that agreement under seal (Doc. 138).

Plaintiffs brought this action against JCBE Defendants alleging that their minor children/grandchildren endured bullying and were deprived of a safe learning environment while enrolled at Crosby Middle School. After several years of litigation, JCBE Defendants entered into individual settlement agreements with Plaintiffs Littlefield, Hargrove, Seewer and King. Because they involve the resolution of minor plaintiffs' claims, the Parties previously submitted the Littlefield, Hargrove, and Seewer agreements to the Court for approval. (Doc. 112, 115, 127.) JCBE Defendants separately moved for leave to file those settlement agreements under seal for the Court's review. (Doc. 113, 116, 128.) In connection with this renewed motion, the Parties have also submitted the King agreement for Court approval (Doc. 136-138), and Plaintiffs join in the request of JCBE Defendants to maintain all of the settlement agreements under seal.

On January 20, 2022, the Court entered a Memorandum Opinion and Order denying without prejudice the Parties' joint motions for Court approval of the Littlefield, Hargrove, and Seewer settlement agreements and also denying without prejudice JCBE Defendants' motions to maintain the settlement agreements under seal. (Doc. 130 PageID.1111.) The Court explained that the agreements, as written, did not identify how the settlement amounts would be allocated between the minor plaintiffs' families and their counsel. (*Id.* PageID.1107–08.) However, the Court stated that this "shortcoming" could be "easily rectified" through Plaintiffs' submission of documentation identifying the fee arrangements between Plaintiffs and their counsel. (*Id.* PageID.1108 n.4.) Accordingly, affidavits executed by each of Plaintiffs' attorneys, Teddy B.

2

Gordon and Vincent F. Heuser, Jr., detailing their fee agreements with Plaintiffs Littlefield, Hargrove, Sewer and King are attached to this motion for the Court's review. (Exs. 1–2.)

In that same Memorandum Opinion and Order, the Court denied JCBE Defendants' motions to seal the Littlefield, Hargrove, and Seewer settlement agreements, and it allowed twenty-one (21) days for JCBE Defendants to address whether the settlement agreements may be properly sealed under *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016), which held that the proponent of a sealed document must present a compelling reason to overcome the presumption of public access to judicial records. The Memorandum Opinion and Order, however, also recognized two specific matters appropriately kept under seal: (1) the names of minors to protect their identities and (2) settlement amounts to facilitate the resolution of litigation. (Doc. 130, PageID.1110 & n.5 (citing Fed. R. Civ. P. 5.2(a); *Davis v. Alcoa, Inc.,* No. 17-13658, 2019 WL 3346075, at *2 (E.D. Mich. June 10, 2019); *In re Black Diamond Mining Co.,* No. 15-96, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016)).)

The Parties' settlement agreements filed preliminarily under seal contain the full legal names of the minor plaintiffs and the settlement amounts which the Parties' agreed to keep confidential as a necessary condition of resolving these claims. (Doc. 114, 117, 129, 138) Consistent with the examples identified in the Court's Order, the Parties request that those two specific matters be excluded from the public record. All other terms of the settlement agreements do not need to be sealed. To facilitate public access of the settlement agreements, the Parties tender herewith new copies of those agreements in which only the minors' names and settlement amounts have been redacted. (Exs. 3–6.) The Parties ask that the previously filed settlement agreements, including the just filed King agreement, remain sealed to allow only the Court and the Parties to view the identities of the minors and settlement amounts.

Therefore, the Parties respectfully request that the Court approve the Littlefield, Hargrove, Seewer, and King settlement agreements, dismiss those Plaintiffs' claims with prejudice, and maintain the unredacted versions of the settlement agreements under seal. A proposed order is attached.

Respectfully Submitted,

| | |
|---|---|
| */s/ Teddy B. Gordon* (w/ permission)<br>Teddy B. Gordon<br>807 West Market Street<br>Louisville, KY 40202<br>tbearaty@aol.com<br>**Counsel for Plaintiffs** | */s/ C. Tyson Gorman*<br>C. Tyson Gorman<br>Sean G. Williamson<br>Wyatt, Tarrant & Combs, LLP<br>400 West Market Street, Suite 2000<br>Louisville, KY 40202<br>tgorman@wyattfirm.com<br>swilliamson@wyattfirm.com<br>**Counsel for JCBE Defendants** |

*/s/ Vincent F. Heuser, Jr.* (w/ permission)
Vincent F. Heuser, Jr.
HEUSER LAW OFFICE
3600 Goldsmith Lane
Louisville, KY 40220
vheuser@heuserlawoffice.com
**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system which will transmit notice of electronic filing to the following:

| | |
|---|---|
| Teddy B. Gordon<br>807 West Market Street<br>Louisville, KY 40202<br>tbearaty@aol.com<br>**Counsel for Plaintiff** | Vincent F. Heuser, Jr.<br>HEUSER LAW OFFICE<br>3600 Goldsmith Lane<br>Louisville, KY 40220<br>vheuser@heuserlawoffice.com<br>**Counsel for Plaintiffs**<br><br>*/s/ C. Tyson Gorman*<br>C. Tyson Gorman |

100691422